UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2020 OUTDOOR MEDIA, L.L.C.,

                Plaintiff,

v.

CITY OF STERLING HEIGHTS and
CITY OF STERLING HEIGHTS
ZONING BOARD OF APPEALS,

                Defendants.

_____/

Case No. 2:24-cv-12801

District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF STERLING HEIGHTS' MAY 23, 2025 MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE DEPOSITIONS OF THE MEMBERS OF THE STERLING HEIGHTS ZONING BOARD OF APPEALS (ECF No. 12)

## A.   Background

2020 Outdoor Media, L.L.C. ("Plaintiff") has "a property interest and is seeking to construct an outdoor advertising sign" within the City of Sterling Heights. (ECF No. 1, ¶ 8.)  In Plaintiff's words, "[t]his case represents an ongoing struggle for 2020 Outdoor to validate its property rights, going back to 2018." (*Id.*, ¶ 29; *see also id.*, PageID.59-70 [Regular Meeting Minutes].)  The most recent meeting/denial at issue took place on July 23, 2024. (*Id.*, ¶¶ 23, 34; *see also* ECF No. 1-1; ECF No. 12-1.)  According to Plaintiff, "[t]he arbitrary and capricious denial by the ZBA on

July 23, 2024, was a continuation of its previous pattern of denying 2020 Outdoor's variance requests without a legitimate basis." (*Id.*, ¶ 42; *see also id.*, ¶¶ 43, 47.)

In October 2024, Plaintiff filed this lawsuit against the City of Sterling Heights and the City's Zoning Board of Appeals (ZBA), alleging: (1) regulatory taking in violation of the 5th Amendment; (2) vagueness in violation of the 14th Amendment; (3) violations of the 1st and 14th Amendments (prior restraint); (4) violation of the 1st and 14th Amendments (content-based restrictions); (5) violation of the 14th Amendment (equal protection); (6) violation of the 14th Amendment (due process); (7-8) violations of the Michigan Constitution; and, (9) exclusionary zoning. (ECF No. 1, ¶¶ 62-137.)

Following the Court's January 15, 2025 stipulated order dismissing the City of Sterling Heights Zoning Board of Appeals ("ZBA"), the only remaining Defendant is the City of Sterling Heights. (*See* ECF No. 8.)

## B.    Pending Matter

Currently before the Court is the City of Sterling Heights' May 23, 2025 motion for protective order to preclude the deposition of the members of the ZBA (ECF No. 12), which Judge Leitman has referred for hearing and determination (ECF No. 13). The City seeks entry of a "Protective Order precluding the depositions of ZBA members John Fenn, David Graef, Derek D'Angelo, Devin

Koski, Jaafar Chehab, Pashko Ujkic, and Stephanie Jackson, as Members of the Sterling Heights [ZBA][.]"  (ECF No. 12, PageID.141 ¶ 25(a).)

Plaintiff has filed a response, arguing that the legislative privilege does not apply, the testimony is relevant and central to Plaintiff's claims, and no showing of undue burden has been made by Defendant.  (ECF No. 15, PageID.203-209.)[1]  The parties have filed a joint list of unresolved issues.  (ECF No. 17.)

On July 1, 2025, the Court held an in-person hearing, at which Attorneys Joseph Jerome Manuszak and Shaun Kelley (Plaintiff) and Attorney Nathan D. Petrusak (Defendant) appeared.  (ECF No. 14.)  During the lengthy hearing, the Court's questions and counsel's answers resulted in several observations about Plaintiff's pleading, such as:

- Section 28.13 (*i.e.*, the sign ordinance) is referenced throughout the complaint (*see*, *e.g.*, ECF No. 1, ¶¶ 24, 44, 58).

---

[1] The Court makes two observations about Plaintiff's response.  First, Plaintiff's legislative privilege argument (*see* ECF No. 15, PageID.203-206) is misplaced, because Defendant does not assert such a privilege in its motion (*see* ECF No. 12) or otherwise, as confirmed at the hearing, in light of the fact that the ZBA serves in a quasi-judicial capacity, as opposed to a legislative one.  Second, Plaintiff's citation format leaves something to be desired, because its response fails to provide proper citations to:  (a) *Jaggers v. City of Alexandria*, No. 08-5213, 2009 WL 233244 (6th Cir. Feb. 2, 2009); or, (b) *Lilly Inv., LLC v. City of Rochester*, No. 14-CV-10712, 2015 WL 753491, at *4 (E.D. Mich. Feb. 23, 2015) (Levy, J.).  (*See* ECF No. 15, PageID.185, 190, 192, 195-196, 202-206).  Indeed, the Westlaw citation provided for *Lilly* belongs to *MCI Commc'ns Servs., Inc. v. MasTec N. Am., Inc.*, No. 3:17-CV-00009, 2017 WL 2274492 (W.D. Va. May 24, 2017).  (*See* ECF No. 15, PageID.196, 202.)

- Section 30.02 (*i.e.*, the variance ordinance) is not mentioned in the complaint.

- Within the pleading's general allegations (*see id.*, ¶¶ 17-61), there are references to what "the City disregarded" (*id.*, ¶ 31) and what "the ZBA disregarded" (*id.*, ¶¶ 45, 56), which is consistent with the distinctions made at the outset of the complaint, where Plaintiff distinguishes the two as separate entities, namely, "City" and "ZBA." (*id.*, ¶¶ 1).

- Counts III and VIII allege the City ZBA "made conclusions as to 'safety' without considering whether there was a significant . . . risk to safety . . . ." *See id.*, ¶¶ 85, 124.

Much of the hearing was spent examining Plaintiff's causes of action.  (*Id.*, ¶¶ 62-137.)  As established at the hearing on the instant motion, Plaintiff's complaint largely presents facial challenges to the sign ordinance,[2] and, although Counts II, III, IV, V and VIII refer to "applied,"[3] Count V (Equal Protection) is the only count challenging the ZBA's *application* of an ordinance.  Moreover, Count V *does not* expressly challenge application of the variance ordinance (*i.e.*, Section 30.02).  *See id.*, ¶¶ 101-106.

## C.   Order

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>,

---

[2] *See*, *e.g.*, Count II (*id.*, ¶¶ 69-79), Count III (*id.*, ¶¶ 89, 90), Count IV (*id.*, ¶¶ 95, 98), Count VI (*id.*, ¶¶ 108, 111, 112), and Count VII (*id.*, ¶ 117).

[3] *See id.*, ¶¶ 78, 90, 98, 104, 127.

Defendant's motion (ECF No. 12) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- **Defendant is entitled to a protective order precluding the depositions of Sterling Heights ZBA members John Fenn, Devin Koski, Jaafar Chehab, Pashko Ujkic, and Stephanie Jackson.** *Inter alia*, Plaintiff objected to Defendant's discovery request regarding Plaintiff's basis for its suspicion of Chairman Fenn's bias or agenda, so the Court will not permit a related deposition.  Plaintiff may not have it both ways, holding back and simultaneously seeking information about the same person.  Moreover, Defendant has agreed to the deposition of Jake Parcel, Ph.D., the City Planner (*see* ECF No. 17, PageID.216 ¶ 6).

- **Defendant is not entitled to a protective order precluding the depositions of Sterling Heights ZBA members David Graef and Derek D'Angelo**, due to:

  - Plaintiff's allegations that "the City has previously allowed the construction of an electronic message billboard on Metropolitan Parkway for the Michigan Lottery Amphitheater (Freedom Hill)" (ECF No. 1, ¶ 3) and that the "City *and the City ZBA* have violated the equal protection rights of 2020 Outdoor as protected under the Fourteenth Amendment to the U.S. Constitution by treating other business-advertising entities differently" (*id*, ¶ 103 (emphasis added)); *see also id*., ¶¶ 89, 104, 111);

  - Defense counsel's July 1, 2025 representation that this approval was associated with an April 18, 2013 ZBA meeting (*i.e.*, the comparator decision);

  - Defense counsel's July 1, 2025 representation that Graef and D'Angelo are the only Sterling Heights ZBA members who were members at the time of the comparator decision and the meeting(s) / decision(s) at issue in Plaintiff's case.

There is just enough information to explore whether different criteria were applied to the comparator decision, even though the answer may be that it was approved

under a different ordinance.  *See Lilly Inv., LLC,* 2015 WL 753491, at *4; *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 632 (E.D. Mich. 2021) (Stafford, M.J.) ("Showing relevance is an 'extremely low bar.'") (citation omitted).  Accordingly, **the Court will permit the depositions of Sterling Heights ZBA Graef and D'Angelo, limited to one hour each** – a time limit first suggested by Plaintiff in the Joint Statement (ECF No. 17, PageID.216  ¶ 4) – as questions about biases and the comparator decision could be relevant.  Beyond these two witnesses, the Court finds that the scope of the pleadings, Plaintiff's lack of a basis (or unwillingness to reveal one) for its vague accusations of bias and ulterior motive, the fact that governmental bodies generally speak through their written records (including the 16 reasons given in the ZBA minutes for its rejection of Plaintiff's requested variances [*see* ECF No. 12-1, PageID.150]), the chilling effect on governmental board members if every decision they collectively make subjects each of them to be deposed, and the proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), necessitate that the Court guard against a potential "fishing expedition" by circumscribing the size of the pond.  *See MiMedx Grp., Inc. v. Fox*, No. 16 C 11715, 2018 WL 11223424, at *2 (N.D. Ill. May 7, 2018) ("the more germane questions are (1) what the party is fishing for, and (2) the size of the pond in which the party is entitled to fish.").

Finally, the Court will not award reasonable expenses, *see* Fed. R. Civ. P. 37(a)(5), as neither party fully prevailed.

**IT IS SO ORDERED.**[4]

Dated:  July 2, 2025

_____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).